# WINDHAM COUNTY.

DAVID LYON

*vs.*

JOSEPH IDE.

The plaintiff declared, as assignee of the Sheriff of Windham, on a bond given to the Sheriff by the defendant, in the penalty of £200, that if one Joseph Bullen, then a prisoner confined for the plaintiff's debt, should behave as a good orderly prisoner ought to behave, and should pay to the Gaoler one shilling and sixpence per day for his victualing, and pay the Gaoler's fees, and not depart said prison without the leave and liberty of the Sheriff; then, etc.

On a bond given to the Sheriff of W., for letting a prisoner to the liberties of the prison.

There were three several pleas in bar, by Bradley, for the defendant.

To the first and third pleas there was a traverse and issue ; to the second, which for substance was, that the bond was taken for letting the said Bullen to the liberties of the prison, that it was taken by the Sheriff, in his own wrong, *colore officii*, for other things than the law allows, viz., for the prisoner's good behavior, for his diet, and to secure the Gaoler's fees, and that he should not depart without leave of the Sheriff, etc., there was a demurrer, and joinder in demurrer.

Plea that the bond was taken by the Sheriff in his own wrong, colore officii, for matters other than the law allows.

Demurrer.

The demurrer was argued by Bradley for the defendant, and by Brother Knight, for the plaintiff.

After consideration, the *Chief Justice* delivered the opinion of the Court :

This is an action on a bond taken by a Sheriff in the execution of his office, for lettng a prisoner, confined in gaol for debt, to the liberties of the gaol-yard, under

Opinion of the Court.

Lyon *vs.* Ide.

the statute regulating gaols and gaolers, and by the Sheriff assigned to the plaintiff, the original creditor.

As the bond and condition are inserted at large in the declaration, and as the final recovery, in this action, will depend on the legality of the bond, it will be unnecessary to consider the defendant's plea. For, on this demurrer, if the declaration be not good, or, in other words, if the bond be illegal, the plaintiff cannot recover in this action ; and nothing is disclosed in the defendant's plea, but what is apparent on the face of the declaration.

The question turns on the legality of the bond.

A person, acting in his private capacity, may annex what conditions he pleases, to his agreement; so that they be not *mule in fe*, or prohibited by some positive law. But a person acting under authority must pursue that authority ; nor can he act by virtue of his authority, and in his private capacity, in the same instrument. I, however, at present, extend this no farther, than to ministerial officers of the law. Any person imprisoned for debt may be admitted to the liberties of the gaol-yard, on procuring sufficient bonds to indemnify the Sheriff, that is, to indemnify him against an escape, which might, in such case, be made ; for a prisoner, admitted to the liberties, can escape when he pleases. The law cannot mean, in this case, to indemnify the Sheriff, or the Gaoler, who is his deputy, for anything furnished the prisoner on a private agreement.

A person acting by virtue of an authority, must pursue that authority.

The end of the bond is only to indemnify the Sheriff.

Neither the Sheriff nor the Gaoler are obliged to furnish prisoners with diet ; nor is the prisoner obliged to receive his diet from them, or either of them. So far from this, that the statute before mentioned expressly declares, that all prisoners shall be allowed to provide, and send for the necessary food, from whence they please.

The prisoner is not obliged to take his diet of the gaoler.

No officer can be allowed to take a bond, or any re-

Bonds for ease or favor not allowed.

ward, for ease or favor, other than such as are expressly allowed by law. Such a practice, were it to obtain, would open a wide door to extortion, and the most grievous oppression; and an officer is clearly punishable, who shall, under color of his office, and for doing that, which the law obliges him to do, as to take bail, etc., take money from a prisoner, other than legal fees, or any service, either for his own benefit, or that of a third person; and every agreement, extorted for such purposes, must be illegal and void.

<div style="float:right; text-align:center;">Lyon
vs.
Ide.</div>

Officer punishable for taking more than legal fees.

Agreements for such purpose void.

The bond under consideration is of the same nature, and is grossly oppressive. There is not one word about indemnifying the Sheriff—the only thing required by the statute. Instead of that, he is first bound to his good behavior; and though he ought to behave well, the Sheriff had no right to demand it of him under a penalty. 2. He is bound to pay the Gaoler one shilling and sixpence per day for his victualing—a most extravagant price in this country. This is directly in face of the statute, as it is a mean of obliging the prisoner to take his food of the Gaoler only. 3. He is obliged to pay the Gaoler's fees. The Gaoler, who took this bond in the Sheriff's name, had a right, if fees were due, to take security for their payment; but, if he agreed to wait, and take them at a future day, it was a private concern, which ought not to have been put into this bond, taken officially. He might as well have taken security for any other debt in the same way. 4. He is bound not to depart without leave of the Sheriff; the Sheriff is authorized to detain the prisoner until he pay and satisfy the debt for which he stands committed, and lawful fees. When he has done that, though in close confinement, he may demand his liberty, and if not presently set at large, an action lies against the Sheriff; and yet, in such case, if this bond be

This bond is grossly oppressive.

It binds the prisoner to his good behavior.

To pay the gaoler 1s. 6d. per day for his diet.

To pay the Gaoler's fees.

It was not proper in this bond to secure payment for fees.

Prisoner bound not to depart without leave of the Sheriff.

He need not wait the Sheriff's leave after payment of debt and fees.

Lyon
vs.
Ide.

good, should he depart without leave of the Sheriff, he forfeits £200. The bond is, therefore, totally bad, as being against law, the common principles of right; and,

Vide, Divi
verfusManning-
ham. Plowden

in every view, highly oppressive. The consequence is that there must be

Judgment for the defendant.